FIRST NAT. BANK OF FT. WAYNE, IND., v. LIBRARY BUREAU.

(Circuit Court of Appeals, Seventh Circuit.   January 6, 1914.)

No. 1990.

1. CONTRACTS (§ 335*)—BUILDING CONTRACTS—SUFFICIENCY OF COMPLAINT.

In an action on a building contract, a complaint was not demurrable, though it showed a delay in completing the work, that by the contract $25 was to be paid as liquidated damages for each day's delay, unless the contract time was extended by the architect on written request of the contractor, and that no such request had been made or extension granted, where it also showed an unpaid balance of the contract price exceeding such liquidated damages for the delay shown.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1664–1676; Dec. Dig. § 335.*]

2. APPEAL AND ERROR (§ 907*) — PRESUMPTIONS IN SUPPORT OF JUDGMENT — OMISSION OF EVIDENCE FROM RECORD.

Where, in an action on a building contract, a complaint showed a delay in completing the work, a provision in the contract for liquidated damages for each day's delay unless it was extended by the architect on written request of the contractor, and that no such request was made or exten-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

211 F.—8

sion granted, defendant pleaded a counterclaim for such liquidated dam·
ages, and plaintiff in reply to the answer and in answer to the counter-
claim pleaded a waiver of the condition with respect to the time of com-
pletion, that defendant had affirmatively requested that the work done
after the stipulated time of completion should not be undertaken and pro-
ceeded with until after such date, and that defendant accepted the work
as fully completed in accordance with the contract, it would be presumed,
where the evidence was not in the record, that a motion to modify a judg-
ment for the unpaid balance of the contract price by deducting such liqui-
dated damages was properly overruled, since evidence of a waiver and ac-
ceptance might properly have been received under the issue made on the
counterclaim, even if not admissible under the complaint, and, if received,
it would not have been error for the trial court to treat the complaint as
amended so as to allege waiver and acceptance.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2899,
2911–2915, 2916, 3673, 3674, 3676, 3678; Dec. Dig. § 907.*]

In Error to the District Court of the United States for the District
of Indiana; Albert B. Anderson, Judge.

Action by the Library Bureau against the First National Bank of
Ft. Wayne, Ind. Judgment for plaintiff, and defendant brings error.
Affirmed.

Wm. J. Vesey, of Ft. Wayne, Ind., and Merrill Moores and Walter
Myers, both of Indianapolis, Ind., for plaintiff in error.

John Morris and William P. Breen, both of Ft. Wayne, Ind., for de-
fendant in error.

Before BAKER and SEAMAN, Circuit Judges, and CARPEN-
TER, District Judge.

BAKER, Circuit Judge. Defendant in error, plaintiff below, en-
gaged by a written contract to do the interior finish for the banking
room of defendant at Ft. Wayne, Ind. In the contract it was pro-
vided that plaintiff should complete its work by November 15, 1909.
But the work was not in fact finished until May 1, 1910. Defendant
failed and refused to pay the balance of the agreed price; and plain-
tiff brought this action upon the contract.

In its complaint plaintiff set out that the contract price was $34,000
and that $27,500 had been paid, leaving a balance of $6,500 due and
unpaid. Plaintiff also disclosed the fact in its complaint that the com-
pletion of the work was delayed a period of 166 days, namely, from
November 15, 1909, to May 1, 1910, and that by the terms of the con-
tract plaintiff was to pay defendant $25 as liquidated damages for each
day's delay, unless the contract time had been extended by the archi-
tect on written request of plaintiff, and that no such request had been
made and no such extension had been granted.

[1, 2] Defendant has been seeking in this court to reach the ques-
tion of plaintiff's liability for the liquidated damages on account of the
delay. The first attempt was by calling attention to defendant's de-
murrer to the complaint. But as the complaint showed defendant's
liability for $2,350 of the contract price over and above the $4,150
which defendant says is due to it for damages, it is evident that the
court committed no error in overruling the demurrer which was ad-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

dressed to the complaint on the ground that it failed to state a cause of action.  The other way in which defendant sought to present the question was by calling attention to a motion which had been presented to the trial court to modify the judgment.  In June, 1912, judgment was entered for plaintiff in the sum of $8,758.  In October, 1912, defendant moved the court to modify the judgment by deducting therefrom $4,150, being the amount claimed for liquidated damages at $25 a day for 166 days.  It is evident that the finding and judgment gave plaintiff the unpaid balance of the contract price, together with interest, without the deduction demanded by defendant in its motion.  No bill of exceptions containing the evidence is in the record.  Nothing but the pleadings, rulings thereon, and judgment have been presented to us.  Among the pleadings we find that defendant filed an answer and also a counterclaim based upon the alleged liability of plaintiff to defendant for liquidated damages at the rate of $25 a day for the 166 days extending from November 15, 1909, to May 1, 1910, and that plaintiff in reply to the answer and likewise in answer to the counterclaim pleaded that defendant prior to November 15, 1909, had waived the condition with respect to the time of completing the contract, and, further, that defendant had affirmatively requested plaintiff that the part of the work which was not done until after November 15, 1909, should not be undertaken and proceeded with until after November 15, 1909, and that such work so undertaken on defendant's request could not reasonably be completed before May 1, 1910, and that on May 1, 1910, defendant accepted the work as having been fully completed in accordance with the contract.  It is therefore manifest that evidence respecting defendant's waiver and acceptance might properly have been heard under the issue made on defendant's counterclaim, even if it were to be conceded that an objection to evidence respecting a waiver by defendant offered under plaintiff's complaint, might have been successfully interposed.  And if evidence of that character was in fact introduced, it would not have been error for the trial court to treat the complaint of plaintiff as having been amended so as to include an allegation of waiver and acceptance.  In other words, on the present state of the record, all presumptions being in favor of the correctness of the judgment of the trial court, we must presume that evidence was presented which justified a finding that defendant had waived the time condition and had accepted the work as fully completed under the contract, and consequently that the motion to modify the judgment or to compel a remittitur by plaintiff was properly overruled.

The judgment is:

Affirmed.